Library

FILED
SUPERIOR COURT

2012 OCT 19 PM 2:45

CLERK OF COURT
BY

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| GALEN LUJAN, JOSE OKADA and ALICIA L. OKADA,<br>  Plaintiffs,<br><br>vs.<br><br>BRANT T. McCREADIE and DINA C. McCREADIE,<br>  Defendants.<br>_____<br>BRANT T. McCreadie and DINA C. McCREADIE,<br>  Counter Plaintiffs,<br><br>vs.<br>GALEN LUJAN, JOSE OKADA and ALICIA L. OKADA,<br>  Counterclaim Defendants. | CIVIL CASE NUMBER: CV0831-10<br><br><br>**DECISION AND ORDER**<br>**OBJECTION TO COMPETENCY** |

This matter comes before the Court on Plaintiffs' Verified Statement of Objection to the Competency of the Honorable James L. Canto II.

The Plaintiffs filed their complaint on June 2, 2010. On June 22, 2010 Shimizu Canto & Fisher, by Thomas J. Fisher, answered the complaint and filed a counterclaim on behalf of the Defendants.

On May 22, 2012 Judge James L. Canto was assigned this case pursuant to 7 GCA § 4103. On May 25, 2012 Judge Canto, pursuant to § 6106, declared his disqualification stating that for 11 years, until January 2011, he and Mr. Fisher were associated in the same law firm, that this was a close professional and personal relation; and that Mr. Fisher is Godfather to one of the Judge Canto's children.

On August 3, 2012 the Plaintiffs filed their Objection to the Competency of Judge Canto. 7 GCA § 6107. It was served on Judge Cantor on August 10. The Objection quotes Judge Canto's declaration of disqualification. The Objection states that Plaintiffs do not agree to have Judge Canto continue to sit in these proceedings, as could be permitted by 7 GCA § 6105(a). It contends that 7 GCA § 6105(b)(2) requires disqualification because In private practice Judge Canto practiced law with Mr. Fisher who

serves as the lawyer for Defendants. The Objection also contends that under the circumstances Judge Canto's "impartiality might reasonably be questioned, . .." 7 GCA § 6105(a).

Not surprisingly, Judge Canto did not file an answer to the Objection within the 10 days allowed by Section 6107. The Objection will be heard and determined by the Court. 7 GCA § 6107.

No hearing is required because there is no dispute as to any fact which provides the basis of either ground for disqualification. As to 7 GCA § 6105(b)(b), Judge Canto was a law partner of Mr. Fisher when he appeared in this case on June 22, 2010, and they remained partners until January 2011. The provision requires disqualification.

As to 7 GCA § 6105 (a), Judge Canto was the law partner of Mr. Fisher for 11 years "shar[ing] ethical and malpractice responsibility for each other's acts and omissions, as well as shar[ing] mutual financial benefit as a result of equal interest in the law firm." (Judge Canto's declaration of disqualification, May 25, 2012) They are personal friends and Mr. Fisher is the Godfather of one of Judge Canto's children. Id.

Concerning the issue of whether a judge's impartiality might be reasonably be questioned, "Guam applies a reasonable person standard." Dizon v. Super.Ct. (People), 1998 Guam 3 ¶ 8. "[I]t [a court] should decide what a reasonable person would believe about a judge's partiality given all the relevant facts in the controversy." Ada v. Gutierrez, 2000 Guam 22 ¶ 12.

Upon a consideration of all relevant facts as to Judge Canto's circumstances and the pertinent legal standards, the Court concludes that his impartiality might reasonably be questioned. Thus both § 6105(b)(2) and § 6105(a) require the disqualification of Judge Canto.

So Ordered.     OCT 1 9 2012

_R. Benson_

**RICHARD H. BENSON**
**Judge, _pro tempore_**

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

Dated at Hagåtña, Guam

OCT 1 9 2012

_Tammy L. Pinaula_
Deputy Clerk, Superior Court of Guam